RUSSELL ET AL. vs. GALE ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A consignee called in as a garnishee has a right to retain the money which he has paid for freight, insurance, &c.

The plaintiffs attached a quantity of bale rope, as the property of one Buckles, which had been consigned to the defendant Gale. In that suit, Gale intervened, and obtained the release of the rope, upon his executing a bond with Millaudon, as surety in the sum of one thousand two hundred and ninety-eight dollars, conditioned to pay that amount in part satisfaction of such judgement as might be rendered in favor of the plaintiffs against Buckles. The plaintiffs having obtained final judgement against Buckles, brought this suit to recover the amount specified in the bond.

The claim was resisted by the defendants, on the ground that they were entitled to certain credits for charges accruing upon, and connected with the transportation of the rope, which had been paid by the defendant Gale, and a statement of which was annexed to the answer. They also pleaded a tender of the amount due on the bond, after deducting the credits for which they contended.

On the trial of the cause, they offered a witness to prove the disbursements set forth in the account, but the court refused to let the witness be sworn, on the ground that the matters in controversy, in this case, had been finally adjudged by the decision of the Supreme Court, in the case of *Russell et al. vs. Buckles: Gale intervening party.* To which opinion of the court, the defendants, by their counsel, took a bill of exceptions. There was a verdict and judgement for the amount of the bond, and the defendants appealed.

*Pierce*, for appellee, argued as follows:

The only question in this case is, whether Gale can claim against the plaintiffs any sum as an offset to his bond for

moneys paid for freight, storage, and commissions, &c., sup-
posing that he could prove the expenditures. The judge
below thought that he could not be admitted to proof under
these circumstances.

Gale & Co. and C. Buckles had dealings together, in the
course of which Buckles shipped to Gale a quantity of bale
rope. Buckles was previously indebted to Russell & Bar-
stow in a large sum of money. Russell & Barstow attached
the bale rope before it reached Gale, but after he had re-
ceived the bill of lading. Gale came in and intervened in
the suit, praying that the rope might be given up to him, as
owner. The trial was had, in which Gale did not introduce
any evidence of ownership, but endeavored to establish a
preference by introducing evidence to establish that Buckles
was indebted to him. The court decided that Gale had no
lien. See 2 *Miller*, *p.* 418.

At the beginning of this suit, Gale bonded the bale rope,
giving Millaudon as his security. The bond shows that he
stipulated to pay so much money if judgement went against
Buckles. Buckles had judgement against him; and when
Gale is called upon to comply with his bond, he pleads that
there was money owing him in the suit of *Russell & Barstow*
vs. *Buckles,* which he did not claim, and which must be now
allowed him; that he paid freight, storage, &c., for the bale
rope, and that the plaintiffs are chargeable with it.

The present plaintiffs answer him, that if he had any claim
in the suit of themselves against Buckles, he ought to have
presented it in that case; that he was a party to that suit;
that though his intervention spoke only of ownership, the
evidence taken in the case was as to any claim of any nature
or kind against the rope, and the judgement was upon his lien;
if, therefore, there were any omissions, he has but himself to
blame; it is *res judicata* as to him; that we have as much right
to demand of him the profit he made by the sale of the bale
rope, as for him to ask us to pay expenses which, if they were
real (and they are not), must have been taken into conside-
ration, at the time the rope was given to him at a certain
appraisement.

He is certainly too late to put in now a claim which he ought to have put in in the suit of *Russell & Barstow* vs. *Buckles.* This is part of the claim which he had in that suit, wherein he was a party and claimant.

*Morse, contra:*

It is true that Gale claimed the property in the first suit as owner, believing himself to be such. Such was the opinion of the district judge; but it seems they were both mistaken. See judgement of the Supreme Court.

The only question is, what did Russell & Barstow attach? Answer: "All the right, title, and interest of Buckles to a quantity of bale rope in the possession of Gale." Buckles lived in Kentucky, whence the bale rope was shipped originally to New-Orleans. When attached in New-Orleans, it was bonded by Gale, at its appraised value in New-Orleans. Gale had paid all the freight cartage, &c. &c., as per his account, which gave the property additional value *pro tanto.* Gale has lost the property. Is it just to give to the attaching creditor, any more than Buckles's real interest in the property, which is the valuation in New-Orleans, less the expenses of bringing it here. Let the attaching creditor be awarded his full pound of flesh under the bond, but do not give him the blood with it.

MARTIN J., delivered the opinion of the court.

The defendant Gale was sued as principal, and the defendant Millaudon as a surety on a bond given in the suit of the present plaintiffs *vs.* Buckles, (*ante, vol.* 2, 417,) on a claim of a quantity of bale rope attached in the said suit.

They pleaded, that at the time the attachment was levied, the defendant Gale believing himself the owner of the bale rope, put in a claim thereto. That the sum of one thousand two hundred and ninety-eight dollars, mentioned in the bond, was the appraised value in New-Orleans of the bale rope,

without any deduction for the charges of transportation, as freight, drayage, storage, insurance, commissions, &c. which, having been paid by the claimant, constituted a fair charge in his favor against the property attached, to the amount of two hundred and forty-five dollars and eighteen cents, leaving the sum of one thousand and fifty-three dollars and eighty-two cents, as the nett proceeds of Buckles's property liable to the attachment, which the defendants have tendered to the plaintiffs, and which they have refused to receive, and they have, ready to be deposited, when and where the court may direct.

There was a verdict and judgement against the defendants, and they appealed.

The record shows, that the counsel for the plaintiffs, introduced by the defendants, deposed that some time ago (he thinks before the filing of the answer) he had a conversation with the defendants' counsel, who offered a check for the balance admitted to be due, which he refused to receive. If he had deemed it proper to accept the sum admitted, he would not have accepted the check, but would have required a deposite of the money.

The record of the attachment case against Buckles was given in evidence.

The defendants, at the trial, offered to prove the disbursements stated in the answers, which was disallowed, on the ground that the decision of the Supreme Court, in the case cited, had fully settled the controversy. Whereupon, they took a bill of exceptions.

The plaintiffs' counsel has contended that it appears from the record in the attachment case, that Gale and Buckles had dealings together, in the course of which the latter shipped the bale rope to the former, but it was attached for a debt of the consignor for a much larger sum than it was worth. On the receipt of the bill of lading, the consignee intervened and bonded the rope. At the trial he offered no evidence of ownership, but endeavored to establish a claim to a lien for advances, and failed.

That in the bond sued upon, the obligors bound themselves to pay one thousand two hundred and ninety-eight dollars, if judgement be obtained against Buckles, and a judgement was given for a much larger sum, and the obligors cannot now claim a credit, which if the defendant Gale was entitled to, he might have claimed in the former suit to which he made himself a party.

EASTERN DIS.
June, 1832.

RUSSELL ET AL.
vs.
GALE ET AL.

The counsel for the defendants has answered, that the only question in this case, is, what did the plaintiffs attach? and the answer must be, all the right, title, and interest, of their debtor, in the bale rope; in other words, the value of the bale rope in Kentucky, where it was shipped. The difference between that value and the value in New-Orleans, results from the freight, insurance, drayage, storage, &c. The party who has paid all these charges, has an interest to these amounts distinct from that of Buckles, and which is not, therefore, liable to be attached by the creditors of the latter.

We have not acted on the bill of exceptions, because, admitting that the sums stated in the answer were actually paid by the defendant Gale, yet he is unable to show that there was a balance due to him, at the time of the attachment. The district judge concluded, and we agreed with him, that there were unliquidated accounts between him and Buckles, and it did not appear in whose favor the balance stood. Gale had, then, no lien. Buckles was the absolute owner of the bale rope. He might have alienated it, and whatever the debtor can alienate, the creditor may attach.

A consignee called in as a garnishee, has a right to retain the money which he has paid for freight, insurance, &c.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs in both courts.